IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| JORGE LUIS CANEDO CALLEJAS, *et al.*, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-2308 (RDA/WEF) |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

<u>ORDER</u>

This matter comes before the Court on the parties' Joint Supplement and Motion for Reconsideration. Dkt. 14. On January 28, 2026, the Court issued an Order denying the Petitioner Abel Jacobo Canedo Callejas's Petition as moot, given that he was subject to a final order of removal and thus subject to detention pursuant to 8 U.S.C. § 1231. Dkt. 12. The parties now agree that Petitioner has appealed the order of removal and, thus, the analysis under Section 1231 is not applicable. Dkt. 14. Thus, the Court reverts to its typical analysis of whether Petitioner is detained pursuant to 8 U.S.C. § 1226(a) or § 1225(b)(2). Petitioner Abel Jacobo Canedo Callejas argues that he is detained under 8 U.S.C. § 1226(a) rather than under § 1225(b)(2), and that this ongoing detention violates his due process rights, and requests that this Court order that he be granted a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Respondents oppose the Petition and assert that Petitioner was properly detained under § 1225(b)(2). Dkt. 6. Having reviewed the positions of the parties, for the reasons stated below, the Motion to Reconsider (Dkt. 14) is GRANTED and, on reconsideration, Petitioner Abel Jacobo Canedo Callejas's Petition will be GRANTED.

## I.    BACKGROUND

Petitioner Abel Jacobo Canedo Callejas is a native and citizen of Bolivia who entered the United States without inspection previously.  Dkt. 1 ¶¶ 6, 7, 18.  Petitioner is being held at the Farmville Detention Center.  *Id.* ¶¶ 6,7.

On December 10, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that he is being unlawfully detained at the Farmville Detention Center. It appearing to this Court that the factual circumstances and legal issues presented in this Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), on December 11, 2025,  this Court ordered Respondents to file a notice acknowledging the same or a response in opposition.  Dkt. 3.  The Court also directed that Petitioner not be removed from this District without this Court's permission.  *Id.*

On December 15, 2025, Petitioner filed an Emergency Motion for an Order to Show Cause ("First Motion") asserting that Respondents had violated the Court's Order by ordering Petitioner Abel Jacobo Canedo Callejas removed.  Dkt. 4 at 1.  On December 16, 2025, Respondents filed a response to the First Motion stating that neither Petitioner had been removed from the District, and that Petitioner Abel Jacob Canedo Callejas was found removable by an Immigration Judge.  Dkt. 5 at 2.  That same day, Respondents also filed notice that the factual circumstances and legal issues presented in this Petition are materially identical to those presented in other recently filed and adjudicated habeas petitions.  Dkt. 6.  On December 16, 2025, Petitioner filed a Reply to Respondents' response to their First Motion stating that Petitioner Abel Jacobo Canedo Callejas is no longer subject to 8 U.S.C. § 1226 because his removal proceedings are no longer pending as the Immigration Judge found that Petitioner "shall be removed to Bolivia."  Dkt.  7.

2

On January 21, 2026, Petitioner filed a Second Motion for Order to Show Cause ("Second Motion") (Dkt. 9) moving the Court to order Respondents to show cause why an order for contempt should not be entered and order the Annadale Immigration Court to reopen Petitioner Abel Jacobo Canedo Calleja's removal case without payment.  On January 23, 2026, Respondents filed response to the Second Motion asserting that there is no factual basis for contempt and that they have not and will not remove Petitioners outside of the District so long as this Court's Order (Dkt. 3) prohibiting such removal remains in effect.  Dkt. 10.  Respondents further argue that Petitioner Abel Jacobo Canedo Callejas is now detained under 8 U.S.C. § 1231.  *Id.*

On January 28, 2026, the Court granted the Petition with respect to Petitioner's co-Petitioner, Jorge Luis Canedo Callejas, but denied the Petition with respect to Petitioner.  Dkt. 12. The Court found that Petitioner was detained subject to Section 1231, because he was subject to a final order of removal.  *Id.*  The Court also denied the two motions for order to show cause.  *Id.*

The parties now supplement the record to provide evidence that Petitioner has appealed his order of removal, such that his order of removal is not final.  Dkt. 14.  Accordingly, the parties now agree that Petitioner cannot be detained pursuant to Section 1231 and seek reconsideration.

II.    LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."

3

*Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.    DISCUSSION

Based on the changed circumstances presented by the parties, the Court grants the Motion for Reconsideration.  The Court now analyzes whether Petitioner is properly detained pursuant to § 1226(a) or § 1225(b).  Because Petitioner is detained pursuant to § 1226(a), the Court will grant the Petition.

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention.  *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

With respect to the substance of his claim, Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2), and that his constitutional due process rights are being violated because the mandatory detention provision of § 1225(b)(2) does not apply to him. Petitioner requests that he be released, or in the alternative, that he be given a bond hearing pursuant to 8 U.S.C. § 1226.  In their Opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Petitioner is detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a).  Moreover, Respondents argue that because Petitioner was not legally granted entry into the country, he is still "seeking admission," making § 1225(b)(2) the appropriate statute to apply to his detention.  Further, Respondents assert that petitioners subsequently placed into removal proceedings who have not actually been "admitted" are subject to mandatory detention under § 1225(b).  Petitioner asserts that he is neither "seeking admission" nor an applicant for admission since he was already present in the country prior to his detention.

4

This Court observes that the parties' arguments are substantially similar to others made in recent habeas cases in this District.[1] Here, like there, the dispositive issue is reduced to whether Petitioner's detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). Dkt. 6. Respondents acknowledge that their arguments have previously been rejected by numerous decisions both in this District and other district courts across the country and do not argue that this case is factually distinguishable such that it would require a different outcome. Consequently, this Court also finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. *See, e.g.*, *Singh v. Lyons, et. al.*, 2025 WL 2932635 at *4 (E.D. Va. Oct. 14, 2025) (finding that Respondents' application of § 1225(b) to individuals like Petitioner already in the country

---

[1] *See, e.g.*, *Hasan v. Crawford*, -- F. Supp. 3d --, 2025 WL 2682255 (E.D. Va. 2025) (Brinkema, J.); *Luna Quispe v. Crawford*, 2025 WL 2783799 (E.D. Va. Sep. 29, 2025) (Trenga, J.); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sep. 30, 2025) (Nachmanoff, J); *Vargas Nunez v. Lyons*, 1:25-cv-1574, Dkt. 10 (E.D. Va. Oct. 1, 2025) (Brinkema, J.); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583, Dkt. 8 (E.D. Va. Oct. 1, 2025) (same); *Gomez Alonzo v. Lyons*, 1:25-cv-1587, Dkt. 16 (E.D. Va. Oct. 1, 2025) (same); *Perez Bibiano v. Lyons*, 1:25-cv-1590, Dkt. 8 (E.D. Va. Oct. 2, 2025) (same); *Ortiz Ventura v. Noem*, 1:25-cv-1429, Dkt. 16 (E.D. Va. Oct. 2, 2025) (Nachmanoff, J.); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511, Dkt. 9 (E.D. Va. Oct. 3, 2025) (same); *Guerra Leon v. Noem*, 1:25-cv-1634, Dkt. 12 (E.D. Va. Oct. 8, 2025) (Brinkema, J.); *Maldonado Merlos v. Noem*, 1:25-cv-1645, Dkt. 11 (E.D. Va. Oct. 9, 2025) (same); *Alfaro v. Lyons*, 1:25-cv-1569, Dkt. 11 (E.D. Va. Oct. 11, 2025) (Trenga, J.); *Singh v. Lyons*, 1:25-cv-1606, Dkt. 6 (E.D. Va. Oct. 14, 2025) (same); *Teyim v. Perry*, 1:25-cv-1615, Dkt. 9 (E.D. Va. Oct. 15, 2025) (Nachmanoff, J.); *Arevalo Paniagua v. Simon*, 1:25-cv-1714, Dkt. 9 (E.D. Va. Oct. 29, 2025) (Alston, J.); *Boquin Oliva v. Noem*, 1:25-cv-1592, Dkt. 12 (E.D. Va. Oct. 29, 2025) (same); *Quintero Flores v. Noem*, 1:25-cv-1614, Dkt. 9 (E.D. Va. Oct. 29, 2025) (same); *Aguilar-Cruz v. Noem*, 1:25-cv-1740, Dkt. 8 (E.D. Va. Oct. 29, 2025) (same); *Romero-Torres v. Perry*, 1:25-cv-1726, Dkt. 7 (Oct. 30, 2025) (same).

contravenes the plain text and statutory scheme of the INA, which makes clear that § 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully)). As the Supreme Court held in *Jennings v. Rodriguez*, § 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas § 1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018).[2] Since Petitioner entered the country previously, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in § 1226(a).

Having determined that Petitioner's detention is governed by § 1226(a), the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes that for the same reasons the court found in *Luna Quispe*, 2025 WL 2783799 at *7–9, Petitioner's continued detention under § 1226 without a bond hearing violates his substantive and procedural due process rights. For the above reasons, Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, and the Court finds that Petitioner is entitled to a bond hearing before an immigration judge.

IV.    CONCLUSION

For all of the reasons above, it is hereby ORDERED that the Motion for Reconsideration (Dkt. 14) is GRANTED; and it is

FURTHER ORDERED that Petitioner Abel Jacobo Canedo Callejas's Petition (Dkt. 1) is

---

[2] The scheme developed by Congress, as interpreted in *Jennings*, affords more protections to aliens who make it past the border and deeper into the United States without being processed by immigration authorities than those stopped at the border. The Court finds this odd and questions the incentives that it creates.

GRANTED; and it is

FURTHER ORDERED that Petitioner Abel Jacobo Canedo Callejas be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order; and it is

FURTHER ORDERED that Respondents are ENJOINED from denying bond to Petitioner Abel Jacobo Canedo Callejas on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is

FURTHER ORDERED that in the event Petitioner Abel Jacobo Canedo Callejas is released on bond by an Immigration Judge, Respondents are ENJOINED from rearresting Petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Petitioner is detained under § 1225(b)(2).

The Clerk is directed to send copies of this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
January 30, 2026

/s/

Rossie D. Alston, Jr.
United States District Judge

7